**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL LEE GORDON, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:18-2420 |
| v | : | |
| UNITED STATES OF AMERICA, | : | (JUDGE MANNION) |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Michael Lee Gordon, an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his 1999 convictions under 18 U.S.C. §924(c) for the use of a firearm during a Hobbs Act robberies. For the reasons set forth below, the Court will dismiss the petition for writ of habeas corpus.

**I.  Background**

Petitioner was convicted In the United States District Court for the Southern District of Ohio, of seven (7) counts of using a firearm during a violent crime (18 U.S.C. § 924(c)) and seven (7) counts of violating the Hobbs Act (18 U.S.C. §1951). United States v. Gordon, 238 F.3d 425, (6th Cir. 2000). He was sentenced to 1,651 months imprisonment and three (3) years

supervised release, and his conviction and sentence were affirmed in 2000. Id.

On September 30, 2002, the sentencing court denied Gordon's first motion to vacate sentence under 18 U.S.C. §2255. (Doc. 7-1 at 3-26, Docket for United States v. Gordon, S.D. Oh. No. 2:97-cr-137). Petitioner then filed numerous unsuccessful motions with the Sixth Circuit seeking leave to file a second or successive §2255 petition, including the following two most recent motions.

In 2016, Gordon filed a motion for leave to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255, on the basis of Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B), is unconstitutionally vague. (Doc. 7-1 at 38, In re: Michael Lee Gordon, No. 16-3629 (6th Cir. Sep. 1, 2016)). Gordon asserted that Johnson also applies to §924(c) and invalidates his convictions under that statute. Id.

By Order dated September 1, 2016, the Sixth Circuit denied Gordon's motion, finding the following:

> Before we may grant a movant permission to file a second or successive petition under 28 U.S.C. §2255, the movant must

> make a prima facie showing that a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review. See 28 U.S.C. §2255(h); In re Green, 144 F.3d 384, 388 (6th Cir. 1998). Gordon cannot make this showing. Although the Supreme Court has held that Johnson is a new rule of constitutional law that is retroactively applicable to cases on collateral review, see Welch v. United States, 136 S. Ct. 1257, 1268 (2016), we have held that Johnson does not invalidate §924(c), Taylor, 814 F.3d at 375-79.

(Doc. 7-1 at 38, In re: Michael Lee Gordon, No. 16-3629 (6th Cir. Sep. 1, 2016)).

In 2018, Gordon filed another motion in the United States Court of Appeals for the Sixth Circuit, for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255. In re: Michael Lee Gordon, No. 18-3449 (6th Cir. Aug. 14, 2018). In support of his current motion, Gordon asserts that his convictions for Hobbs Act robbery do not qualify as crimes of violence under 18 U.S.C. §924(c)(3)(B) in light of the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204, 1210-11 (2018), holding that the identically worded definition of "crime of violence" under 18 U.S.C. §16(b) is unconstitutionally vague. Id.

By Order dated August 14, 2018, the Sixth Circuit denied Gordon's motion as follows:

3

> To obtain this court's authorization for a second or successive §2255 motion to vacate, Gordon must make a prima facie showing that his proposed motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2); see 28 U.S.C. §2244(b)(3)(C). Gordon cannot make such a showing. The government asserts that Dimaya announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review, but did so with respect to only §16(b), not §924(c)(3)(B). Even if the Supreme Court had announced that Dimaya applies to §924(c)(3)(B), that rule has no effect on Gordon's case because his convictions for Hobbs Act robbery qualify as crimes of violence under §924(c)(3)(A) as offenses having "as an element the use, attempted use, or threatened use of physical force against the person or property of another." See United States v. Gooch, 850 F.3d 285,291-92 (6th Cir.), cert. denied, 137 S. Ct. 2230 (2017).

In re: Michael Lee Gordon, No. 18-3449 (6th Cir. Aug. 14, 2018).

On December 21, 2018, Petitioner filed the above captioned petition for writ of habeas corpus, in which he requests this Court to vacate his 1999 conviction and resentence him in light of the Supreme Court decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018).

On February 5, 2019, Gordon filed a motion in the sentencing court, to reduce sentence based on §403(a) of the First Step Act of 2018. (Doc. 7-1 at 3-26, Docket for United States v. Gordon, S.D. Oh. No. 2:97-cr-137).

On February 8, 2019, the sentencing court denied Gordon's motion to

reduce sentence, finding that the First Step Act of 2018 is not retroactively applied to sentences imposed before its enactment. Id.

On June 3, 2019, Gordon filed a supplement to the instant petition, raising the additional issue of "whether or not the enactment of the First Step Act of 2018 is unconstitutional as it pertains to Petitioner's conviction and sentence." (Doc. 10).

## II. Discussion

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in the sentencing court by way of a section 2255 motion. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Here, Petitioner is clearly challenging his conviction and sentence. Thus, his proper avenue of relief is a section 2255 motion filed in the district court where he was convicted and sentenced. See section 2255 ¶5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a §2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the

5

legality of his detention." 28 U.S.C. §2255; see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). A motion under §2255 is "'inadequate or ineffective'" only where it is established "'that some limitation of scope or procedure would prevent a 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1164, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). Specifically, the Third Circuit has "applied the safety valve where an intervening and retroactive change in law had decriminalized the petitioner's

6

underlying conduct, but he had no prior opportunity to challenge his conviction and could not satisfy the stringent standard for filing a second or successive §2255 motion." Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) (citations omitted); see In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997).

The Third Circuit has also noted that extraordinary circumstances may justify invoking the savings clause. See Long, 611 F. App'x at 55. The burden is on the habeas petitioner to demonstrate inadequacy or ineffectiveness. See In re Dorsainvil, 119 F.3d at 251-52; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). "Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements." Long, 611 F. App'x at 55; see Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986). If a petitioner improperly challenges a federal conviction or sentence under §2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d at 1165.

However, as recognized in Dorsainvil, a federal prisoner can pursue

relief under §2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding §2241 may not be used to raise an Apprendi v. New Jersey, 530 U.S. 466 (2000) claim that is barred by the procedural limitations imposed by the AEDPA); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United State v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73 (3d Cir. 2012); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§2241 is not available for an intervening change in the sentencing laws.").

Here, Petitioner attempts to challenge his 1999 criminal conviction and sentence, based on issues that have previously been raised before the Sixth Circuit and rejected. As discussed above, to proceed under §2241, he must demonstrate that a §2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). Petitioner has not met this burden. As such, his claim does not fall within the purview of the savings

clause, as he has not demonstrated that an intervening change in the law made his underlying conviction non-criminal and that he had no prior opportunity to challenge his conviction, and could not satisfy the stringent standard for filing a second or successive §2255 motion. The fact that the Sixth Circuit denied Petitioner's requests to file a second or successive §2255 motion does not make §2255 relief inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (stating that a petitioner "cannot contend that §2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long, 611 F. App'x at 55 ("Critically, §2255 is not inadequate or ineffective merely because the petitioner cannot satisfy §2255's timeliness or other gatekeeping requirements.").

"The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255." Dusenbery v. Oddo, No. 17-2402, 2018 WL 372164, at *4 (M.D. Pa. Jan. 11, 2018). Because Petitioner has failed to demonstrate that a §2255 motion is inadequate or ineffective to test the legality of his detention, permitting him to proceed under §2241, the Court will dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, for lack of jurisdiction.

### III. **Conclusion**

Based on the foregoing, Gordon's petition for writ of habeas corpus will be **DISMISSED** for lack of jurisdiction. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to §2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: November 8, 2019**
18-2420-01